UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Daniel Vorst, et al.,

                              Case No. 3:15-cv-01613

               Plaintiffs,

     v.                                MEMORANDUM
                                      OPINION & ORDER

Dennis Bruskotter, et al.,

               Defendants.

## I.    INTRODUCTION

Plaintiffs Daniel Vorst, Mark Vorst, Vorst Paving, Inc., and Vorst Consulting Services, Inc., filed suit in the Putnam County, Ohio Court of Common Pleas against Defendants Dennis Bruskotter and Bruskotter Financial Services, Inc., asserting various causes of action under Ohio law. The Defendants filed a notice of removal on August 13, 2015, asserting they had learned for the first time, through deposition testimony, that the Plaintiffs' claims implicate the Employee Retirement Income Security Act ("ERISA") and thus there is a basis for federal question jurisdiction. (Doc. No. 1). The Plaintiffs have filed a motion to remand. (Doc. No. 9). The Defendants filed a brief in response. (Doc. No. 12). The Plaintiffs filed a brief in reply. (Doc. No. 14). For the reasons stated below, the Plaintiffs' motion is granted in part and denied in part.

## II.    BACKGROUND

Daniel and Mark Vorst are the co-owners of Vorst Paving and Vorst Consulting. (Doc. No. 3 at 4). They allege Bruskotter advised them to invest in a multiple-employer welfare benefit plan, and that Bruskotter represented the plan was in compliance with Internal Revenue Code § 419A(f)(6). *See* 26 U.S.C. § 419A. The Plaintiffs assert Bruskotter advised them to invest in this

1

plan despite an Internal Revenue Service ("IRS") Private Letter Ruling in 2000 which concluded the plan did not comply with relevant Internal Revenue Code provisions. (Doc. No. 3 at 5). Subsequently, Bruskotter recommended the Vorsts convert the 419A(f)(6) plan into a 419(e) single-employer plan, and later a "Maven Structure." (Doc. No. 3 at 5). The Plaintiffs allege these plans were not legitimate retirement planning accounts, and that Bruskotter knew the plans did not meet IRS requirements. In total, the Vorsts assert they contributed over $2 million to the plan between 2003 and 2009, and claimed the related tax deductions on their income tax returns. An IRS audit led to the Vorsts' paying approximately $600,000 for back taxes, penalties, and interest. (Doc. No. 3 at 6).

The Plaintiffs filed suit in the Putnam County Common Pleas Court, asserting causes of action for (1) negligence, (2) negligent misrepresentation, (3) fraud and fraudulent inducement, (4) breach of fiduciary duty, and (5) the equitable theories of unjust enrichment and money had and received. (Doc. No. 3). The Plaintiffs expressly disclaimed any cause of action under federal law, asserting their claims "relate to pre-plan misrepresentations and omissions," and that the 419A(f)(6) plan was not an ERISA plan. (Doc. No. 3 at 2). The Defendants removed the case to this court, alleging discovery had revealed the Plaintiffs "were using creative pleading and gamesmanship in their Complaint to disguise additional claims of recovery so as to avoid federal question jurisdiction and thus ERISA preemption." (Doc. No. 3 at 2).

### III. STANDARD

A cause of action arises under federal law "if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164 (1997) (quoting *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983)). A defendant may file a notice of removal within 30 days after the defendant has received notice, including through deposition testimony, that

the plaintiff's claim implicates federal jurisdiction. *Peters v. Lincoln Elec. Co.*, 285 F.3d 456 (6th Cir. 2002); 28 U.S.C. § 1446(b). As the removing party, the Defendants have the burden to establish federal subject matter jurisdiction. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 948-49 (6th Cir. 1994). Removal statutes must be strictly construed and disputed questions of fact or ambiguities in the controlling state law should be resolved in favor of remand. *Id.* The well-pleaded complaint rule does not control a court's analysis, however, when a federal statute – such as ERISA – completely preempts a state-law cause of action. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004); *see also id.* at 208 (Claims which come within the scope of a preempted state-law cause of action are "'in reality based on federal law.'") (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003)).

### IV. ANALYSIS

The Defendants assert the Plaintiffs' disclaimers concerning the applicability of ERISA to their claims are untrue, because the Vorsts testified during their depositions they considered Bruskotter to be a plan fiduciary and that Bruskotter made misrepresentations regarding the plan after the Plaintiffs began investing in the plan, as well as before the plan's origination. (Doc. No. 12 at 2). The Defendants also assert the Plaintiffs seek to recover "damages in the form of recovery of benefits, including investment income and/or retirement funds from the Plan." (Id.). The Plaintiffs allege remand is required because their deposition testimony did not alter their causes of action and those causes of action do not implicate ERISA. I agree, and remand the case to the Putnam County Common Pleas Court.

The Vorsts' testimony about Bruskotter's alleged role as a plan fiduciary does not convert their claims into federal causes of action. "[W]here the alleged conduct by the fiduciary is 'entirely unrelated to and outside the scope of [the fiduciary's] duties under the plan or in carrying out the terms of the plan,' courts have found that ERISA's core objectives are not implicated and state-law claims may proceed." *Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.*, 399 F.2d 692, 699

3

(6th Cir. 2005) (citations omitted). Even if Bruskotter is an ERISA fiduciary, the Plaintiffs are not prohibited from bringing state-law tort claims against him based on an independent legal duty. *Id.* (citing *Dishman v. UNUM Life Ins. Co.*, 269 F.3d 974, 984 (9th Cir. 2001)). *Cf. Smith v. Provident Bank*, 170 F.3d 609, 612 (6th Cir. 1999) (holding breach-of-fiduciary-duty claim alleging defendant "breached its fiduciary duty <u>as the trustee of an ERISA plan</u>" was preempted by 29 U.S.C. § 1132) (emphasis added).

Similarly, testimony asserting Bruskotter continued to make misrepresentations about the Plaintiffs' investments after those investments began does not change the basis for the Plaintiffs' claims, which rest on Bruskotter's pre-plan statements and conduct. *See, e.g., Nat'l Sec. Sys., Inc. v. Iola*, 700 F.3d 65, 85 (3rd Cir. 2012) ("[T]hese sorts of claims rest on misrepresentations made about an ERISA plan before that plan's existence. They are not premised on a challenge to the actual administration of the plan."). Moreover, the Defendants' general argument that the Sixth Circuit approaches ERISA preemption differently and more broadly than courts in other circuits is not persuasive, as the Defendants do not identify any case in which the Sixth Circuit held ERISA preempts claims which do not seek to enforce the terms of a plan or the statutorily-imposed duties of plan fiduciaries.

Finally, the Defendants fail to show the Plaintiffs' itemization of the damages they allegedly suffered as a consequence of the Defendants' conduct reveals that the Plaintiffs' claims actually fall within the scope of ERISA. The Defendants do not explain how the Plaintiffs' damages calculation should be characterized as a request for benefits due under the plan rather than as damages arising from Bruskotter's alleged breach of his common-law duties. *See Peters*, 285 F.3d at 469 (noting state-law claims are not preempted if "[t]he claimed damages . . . relate only peripherally to the ERISA plan.").

4

The Plaintiffs assert they are entitled to fees and costs related to the Defendants' removal of this action pursuant to 28 U.S.C. § 1447(c). (Doc. No. 10 at 14). A court may award fees under § 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The Defendants informed the Plaintiffs that they believed the Vorsts' deposition testimony implicated ERISA. *Cf. Warthman v. Genoa Twp. Bd. of Trustees*, 549 F.3d 1055, 1064 (6th Cir. 2008). As the Defendants note and the Plaintiffs concede, ERISA preemption is broad, and this area is unsettled. The Sixth Circuit has not addressed the issue of whether references to post-plan statements or conduct implicate ERISA and the Defendants offer at least a colorable argument that they may. *See Perry v. P*I*E Nationwide Inc.*, 872 F.2d 157, 162 (6th Cir. 1989). Therefore, I conclude the Plaintiffs have not shown the Defendants lacked an objectively reasonable basis for seeking removal and that an award of fees and costs is not warranted.

## V.    CONCLUSION

For the reasons stated above, the Plaintiffs' motion to remand this case to state court, (Doc. No. 9), is granted in part and denied in part. I conclude the Plaintiffs' claims are not preempted by ERISA but deny their request for fees and costs. The case is remanded to the Putnam County, Ohio Court of Common Pleas.

So Ordered.

s/Jeffrey J. Helmick<br>
United States District Judge